UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

March 28, 2019

MEMORANDUM TO COUNSEL RE:     Lisa V. Kopenhaver v. Kevin P. Morgan, et al.
Civil Action No. GLR-18-1425

Dear Counsel:

Pending before the Court is Defendants Kevin P. Morgan ("Mr. Morgan") and Kristy J. Morgan's ("Ms. Morgan") (collectively, the "Morgans") Motion to Dismiss and Request for a Hearing (ECF No. 6). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will deny the Morgans' Motion.

This action arises out of a contract dispute between Plaintiff Lisa V. Kopenhaver, a resident of Pennsylvania, and the Morgans.[1] The Morgans, a married couple, are residents of 55 Bunk Drive, Chesapeake City, Maryland 21915, and own and operate a joint venture, Woodstock Farm, on that property and an adjoining property, 45 Durney Road. (Compl. ¶ 5, ECF No. 1). The Morgans jointly own the parcels of land, and "each provided labor to the joint venture," the purpose of which is to raise and care for horses. (Id.). "Upon information and belief," the Morgans jointly invested their financial resources in, had joint rights to manage, and were entitled to share in any profits derived from Woodstock Farm. (Id.).

In December 2016, Kopenhaver, then managing a horse farm in Pennsylvania, entered negotiations with Mr. Morgan about becoming the "Farm Manager" of Woodstock Farm. (Id. ¶ 6). In January 2017, Mr. Morgan offered, and Kopenhaver accepted, the position of Farm Manager for Woodstock Farm: (1) payment of $3,500.00 per month; (2) a two-percent annual raise; (3) bonus compensation if any of the horses maintained at Woodstock Farm won or placed in races; (4) rent-free housing for Kopenhaver and her family at 67 Court House Point Road, Chesapeake City; and (5) free board for two horses. (Id.). The contemplated duration of the agreement was five years. (Id.). On January 15, 2017, the parties agreed to those terms, and others, in a signed writing. (Id.).

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Kopenhaver and Mr. Morgan signed two separate agreements, an Independent Contractor Agreement and a Housing Agreement[2]. (Id. Ex. A ["Agmts."] at 1, ECF No. 1-1).[3] The first paragraph of the Independent Contractor Agreement identified the party receiving the services as "Kevin P. Morgan of Augustine Farm (aka Woodstock Farm)." (Id. at 1). The end of the Independent Contractor Agreement identified the party receiving services as "Augustine Farm (aka Woodstock Farm)," for whom Mr. Morgan signed as "Kevin P. Morgan (owner)." (Id. at 1–2). Mr. Morgan also signed the Housing Agreement as "Kevin P. Morgan (owner)." (Id. at 2). The Independent Contractor Agreement stated that it "shall be governed by the laws of the state of Maryland." (Id. at 1).

Kopenhaver quit her job in Pennsylvania and began working for Woodstock Farms in February 2017. (Compl. ¶ 7). On or about November 14, 2017, Mr. Morgan terminated Kopenhaver's position—without cause—effective January 14, 2018. (Id. ¶¶ 7–8).

On May 16, 2018, Kopenhaver filed a two-Count Complaint, alleging against both of the Morgans: Negligen[t] Misrepresentation/Omission ("Count I"); and Breach of Contract ("Count II"). (Id. ¶¶ 10–18). Kopenhaver seeks compensatory damages. (Id. ¶¶ 14, 18).

On June 26, 2018, the filed their Motion to Dismiss and Request for a Hearing. (ECF No. 6). Kopenhaver filed an Opposition on July 16, 2018. (ECF. No. 9). On August 6, 2018, the Morgans filed a Reply. (ECF No. 10).

The purpose of a motion under Federal Rule of Civil Procedure 12(b)(6) is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of America, N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of America, NA, 546 F.App'x 165 (4th Cir. 2013).

---

[2] Steven Kopenhaver, Ms. Kopenhaver's husband, also signed the Housing Agreement. (Agmts. at 2).

[3] Among the other terms in the Independent Contractor Agreement was a Termination clause: "The term of this agreement is 5 years, and at the end of 5 years, the parties may discuss re-negotiation of contract or may agree to opt out of a contract, in which case parties would agree to give at least 45 days written notice to terminate the services. This Contractor Agreement is separate from the terms of the Housing Agreement signed by both parties. Terms of this contract may be re-visited annually." (Agmts. at 1).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

The general rule is that a court may not consider extrinsic evidence when resolving a motion under Rule 12(b)(6). See Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). But this general rule is subject to several exceptions. First, a court may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic, see Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Second, a court may consider documents referred to and relied upon in the complaint—"even if the documents are not attached as exhibits." Fare Deals Ltd. v. World Choice Travel.com, Inc., 180 F.Supp.2d 678, 683 (D.Md.2001); accord New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America, 18 F.3d 1161, 1164 (4th Cir. 1994). Third, a Court may consider matters of public record. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In the event that any of these properly considered extra-pleading materials conflict with the "bare allegations of the complaint," the extra-pleading materials "prevail." Fare Deals, 180 F.Supp.2d at 683; accord RaceRedi Motorsports, LLC v. Dart Mach., Ltd., 640 F.Supp.2d 660, 664 (D.Md. 2009).

Here, Kopenhaver attaches the Independent Contractor Agreement and the Housing Agreement to her Complaint. Because these documents are integral to the Complaint and their authenticity is not disputed, the Court will consider them when assessing the Morgans' Motion. See Blankenship, 471 F.3d at 526 n.1. The Morgans attach records from the Maryland State Department of Assessments and Taxation for Woodstock Farm, Woodstock Farm's Operating Agreement, and checks to Kopenhaver to their Motion. The Court will not consider these documents because they are not integral to, referred to, or relied upon in the Complaint. Id.; see also Fare Deals, 180 F.Supp.2d at 683.

The Morgans argue that the Complaint fails to state a claim against either of them because they contend Kopenhaver contracted with Woodstock Farm, a limited liability company ("LLC"), not the Morgans individually.[4] Kopenhaver counters that she states a claim against both Morgans as a joint venture, which is the actual owner of the farm. The Court agrees with Kopenhaver. The Court addresses each Defendant in turn.

With respect to Mr. Morgan, the Morgans contend that he was acting as an agent of Woodstock Farm when he negotiated and signed the Independent Contractor Agreement, and therefore he is not individually liable. At this stage of the case, the Court is not persuaded.

Under Maryland law, "'if an agent fully discloses the identity of his principal to the third party, then, absent an agreement to the contrary, he is insulated from liability.'" Baltimore Line

---

[4] The Morgans do not dispute that Kopenhaver pleads sufficient facts to support the elements of the two Counts against Mr. Morgan.

Handling Co. v. Brophy, 771 F.Supp.2d 531, 543 (D.Md. 2011) (quoting Curtis G. Testerman Co. v. Buck, 667 A.2d 649, 653 (Md. 1995)). But there are exceptions to that rule: "when the purported principal that is disclosed is nonexistent or fictitious" or "when the principal is legally incompetent.'" Id. (internal quotations omitted) (quoting Curtis G. Testerman Co., 667 A.2d at 653). Here, it is not clear that Mr. Morgan was acting as an agent to a principal, that he fully disclosed the identity of the principal, or that the principal existed at the time he and Kopenhaver signed the Independent Contractor Agreement. The Independent Contractor Agreement identifies the party receiving the services first as "Kevin P. Morgan of Augustine Farm (aka Woodstock Farm)," (Agmts. at 1), and then as "Augustine Farm (aka Woodstock Farm)," with Mr. Morgan as its "owner," (Id. at 1–2). Based on that wording, Mr. Morgan could have been contracting on behalf of himself or a sole proprietorship. Further, the Independent Contractor Agreement makes no mention of an LLC,[5] so if Mr. Morgan was the agent of an LLC, it does not appear at this stage that he fully disclosed the identity of his principal at the time he and Kopenhaver signed the Independent Contractor Agreement. The Court, therefore, concludes that Kopenhaver plausibly states a claim against Mr. Morgan.

With respect to Ms. Morgan, the Complaint's only allegations against her are via the joint venture she allegedly owned and operated with Mr. Morgan. The Court must therefore analyze whether Kopenhaver adequately pleads a joint venture such that Ms. Morgan could be liable via her husband's actions.

A joint venture comes is "when two or more persons combine in a joint business enterprise for their mutual benefit with an understanding that they will share in profits and losses and have a voice in its management." MAS Assocs., LLC v. Korotki, No. 228, SEPT. TERM, 2015, 2018 WL 4575140, at *8 (Md.Ct.Spec.App. Sept. 21, 2018), cert. granted, 198 A.3d 218 (2018). Similar to a partnership, the intentions of the parties determine "whether or not a joint venture exists." Id. (citing Finch v. Hughes Aircraft Co., 469 A.2d 867, 890 (Md.Ct.Spec.App. 1984)). Generally, partnership law "applies with respect to the relation between members of a joint venture and third persons." Adams v. NVR Homes, Inc., 193 F.R.D. 257, 260–61 (D.Md. 2000) (citing Geo. Bert. Cropper, Inc. v. Wisterco Invs., Inc., 399 A.2d 585, 592 (Md. 1979)). As each partner is jointly liable for all debts and obligations of a partnership, "members of a joint venture are jointly liable for all obligations undertaken by the venture, and the actions of the joint venture bind the individual partners." Id. at 261 (citing Southland Corp. v. Shulman, 331 F.Supp. 1024, 1031 (D.Md. 1971)). Further, with respect to tort claims, the liability of partners is joint and several, so a plaintiff may sue one or all of them. Hartford Acc. & Indem. Co. v. Scarlett Harbor Assocs. Ltd. P'ship, 674 A.2d 106, 131 (Md.Ct.Spec.App. 1996) (citing Hatzinicolas v. Protopapas, 550 A.2d 947 (Md. 1988), aff'd, 695 A.2d 153 (1997).

After Twombly and Iqbal, a complaint wholly based "upon information and belief" is "insufficient to defeat a motion to dismiss." Mann Bracken, LLP v. Exec. Risk Indem., Inc., No.

---

[5] The Court is not considering the LLC documents the Morgans attach to their Motion at this stage. Even if it were, the paperwork related to Woodstock Farm and Stables, LLC shows Mr. Morgan did not file the LLC's Articles of Organization until January 17, 2017—two days after he and Kopenhaver signed the Independent Contractor Agreement. (Defs.' Mot. Dismiss Ex. 1, ECF No. 6-1 at 2). Therefore, at the time Mr. Morgan and Kopenhaver signed the Independent Contractor Agreement, the LLC apparently did not exist.

DKC 15-1406, 2015 WL 5721632, at *7 (D.Md. Sept. 28, 2015) (quoting Harman v. Unisys Corp., 356 F.App'x 638, 640–41 (4th Cir. 2009)). But complaints that use "upon information and belief" as an "inadequate substitute" for providing sufficient facts differ from those that properly use the phrase "where a plaintiff does not have personal knowledge of the facts being asserted." Malibu Media, LLC v. Doe, No. PWG-13-365, 2014 WL 7188822, at *4 (D.Md. Dec. 16, 2014) (quoting Lilley v. Wells Fargo N.A., No. 10-81078C-13D, 2011 WL 1428089, at *3 (Bank.M.D.N.C. Apr. 13, 2011)). Notably, "'pleading on the basis of information and belief is generally appropriate' where information is 'particularly within defendants' knowledge and control.'" Mann Bracken, LLP, 2015 WL 5721632, at *7 (quoting Kajoshaj v. New York City Dep't of Educ., 543 F.App'x 11, 16 (2d Cir. 2013)).

Here, the Complaint states that Ms. Morgan is married to Mr. Morgan, co-owns their properties, and lives and works at Woodstock Farm. (Compl. ¶ 5). The Complaint then makes allegations "upon information and belief" that concern the Morgans' "understanding that they will share in profits and losses and have a voice in its management." (Id.). These "information and belief" allegations are proper because they concern facts Kopenhaver does not know personally and that are "particularly within [the Morgans'] knowledge and control." Mann Bracken, LLP, 2015 WL 5721632, at *7. Considering these allegations, Kopenhaver properly alleges a joint venture. Further, considering the Complaint's allegations against Mr. Morgan, and the joint liability inherent in a partnership, Adams, 193 F.R.D. at 261, Kopenhaver properly pleads her two Counts against Ms. Morgan.

For the foregoing reasons, the Morgans' and Request for a Hearing (ECF No. 6) is DENIED. The Morgans shall answer the Complaint within twenty-one (21) days of this memorandum. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge